# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

LLOYD E. STEPHENS,

    Plaintiff,

v.                                     CASE NO.:

THE VILLAGES OF LAKE SUMTER, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LLOYD E. STEPHENS ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, THE VILLAGES OF LAKE SUMTER, INC. ("Defendant"), under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This Court has federal question subject matter jurisdiction over this civil rights action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as made applicable by 29 U.S.C. § 626(b).

2. Venue is proper in the Middle District of Florida, Ocala Division, because a substantial part of the events giving rise to this claim arose within this District, where Defendant operates a transportation business and is conducting business.

3. This Court has personal jurisdiction over Defendant because Defendant is a Florida corporation authorized to do business in Florida, with a principal place of business located at 3617 Kiessel Road, The Villages, Florida 32163, systematically

· WHITTEL & MELTON LLC ·

and continuously engages in substantial interstate commercial conduct and business activity within Florida, operates facilities in Florida, including Sumter County, and because the case arises out of Defendant's unlawful conduct within this District.

4. At all times material, Plaintiff was a resident of Sumter County, Florida.

## GENERAL ALLEGATIONS

5. Defendant is an "employer" within the meaning of the ADEA.

6. Plaintiff is an "employee" of Defendant within the meaning of the ADEA.

7. On or about December 18, 2018, Plaintiff timely dual filed a written charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. On or about February 26, 2019, the EEOC issued a Notice of Right to Sue, a copy of which is attached hereto as **Exhibit A**.

9. Plaintiff has exhausted all of his administrative remedies.

10. Plaintiff has met all conditions precedent to filing this lawsuit.

## STATEMENT OF PARTICULARS

11. Defendant operates a transportation service with an office in The Villages. Defendant is a federal and Florida Department of Transportation contractor and, as such, is subject to EEO contract compliance.

12. Plaintiff is a 71-year-old male who was hired as a trolley driver by Defendant in approximately August 2010.

13. Plaintiff was assigned to a trolley that traveled in the state of Florida, conducting a shuttle service for passengers.

14. During his employment, Plaintiff was a model driver, who never had a disciplinary action brought against him in his 8-year career with the Defendant.

15. Just prior to the end of his tenure, Defendant brought in new management. Around this time, Defendant began engaging in a practice of replacing older drivers, including Plaintiff, with younger drivers.

16. Plaintiff worked his normal shift on October 19, 2018. Upon finishing his tour, Plaintiff parked his trolley, and was approached by one of the managers, who informed Plaintiff that "we no longer need your services." Defendant refused to provide any further explanation for his termination.

17. On or about Thursday, October 25, 2018, Defendant changed the purported reason for termination by telling Plaintiff that he was fired due to the fact that he "has been speeding for the past several years." This reason was false. Plaintiff had not received any written or verbal warning regarding speeding and had not been issued a citation for speeding.

18. Similarly situated younger employees were not discharged without notice for similar reasons.

19. There are no legitimate, non-discriminatory reasons for the afore-stated discriminatory actions. Plaintiff had an impeccable record with the company and was a model employee.

20. Moreover, the company blatantly ignored its progressive discipline policy by engaging in the above discriminatory actions without providing any prior notice to Plaintiff. As the Eleventh Circuit held in *Chavez v. Credit Nation Auto Sales, LLC*, 641

Fed. Appx. 883 (11th Cir. 2016), failure to follow the company's progressive discipline policy is convincing evidence of discrimination.

21. By reason of discrimination, Plaintiff has suffered damages for lost wages, lost benefits, emotional distress and other damages as a result of this unlawful conduct.

22. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

23. Plaintiff requests a jury trial for all issues so triable.

## COUNT I
### Age Discrimination in Violation of the ADEA

24. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 23 as though fully set forth herein.

25. Defendant's conduct as herein alleged violated the ADEA, which prohibits age discrimination.

26. The foregoing actions of Defendant constitute discrimination against Plaintiff and others similarly situated based upon their age. Plaintiff and others similarly situated were subjected to disparate treatment based on their age.

27. As a proximate result of Defendant's discriminatory actions, Plaintiff and others similarly situated have suffered injury, for which Plaintiff and others similarly situated are entitled to legal and injunctive relief.

28. Plaintiff requests relief as described in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the ADEA;

2. Grant all injunctive relief necessary to bring Defendant into compliance with the ADEA;

3. Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in amounts to be proven at trial;

4. Order Defendant to pay liquidated damages pursuant to the ADEA;

5. Order Defendant to pay compensatory damages for Plaintiff' emotional pain and suffering, in an amount to be proven at trial;

6. Order Defendant to pay exemplary and punitive damages;

7. Order Defendant to pay attorneys' fees and costs of the action;

8. Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

9. Grant any further relief that the Court deems just and proper.

Dated this 20th day of May, 2019.

Respectfully submitted,
**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
William J. Sheslow, Esq.
Florida Bar No.: 92042
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
11020 Northcliffe Boulevard
Spring Hill, Florida 34608
Telephone: (352)683-2016
Facsimile: (352) 556-4839
Lechnerj@theFLlawfirm.com

Will@theFLlawfirm.com
Pleadings@theFLlawfirm.com
Nichole@theFLlawfirm.com
Pls@theFLlawfirm.com
*Attorneys for Plaintiff*